# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **AUTHOR MANNING, II and** § <br> **GRAFFIC KNIGHTS LLC,** § <br>     *Plaintiffs* § <br> § <br> **v.** § <br> § <br> **APPLE INC.,** § <br>     *Defendant* § | **Case No. 1:21-cv-00634-RP-SH** |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs Author Manning, II and Graffic Knights LLC's Complaint, removed from the 200th Judicial District Court of Travis County, Texas on July 18, 2021 (Dkt. 1-2), and Motion for Appointment of Counsel, filed September 9, 2021 (Dkt. 16). The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management. Dkt. 17.

## I.   Background

To determine whether Plaintiff[1] can maintain his suit for copyright infringement, the Court ordered Plaintiff to submit by November 5, 2021, a More Definite Statement:

1. Providing the Court with proof that Plaintiff holds a U.S. copyright registration for the allegedly infringed work(s), including the U.S. registration number(s) and a copy of any certificate(s) of registration; and

---

[1] Graffic Knights LLC appears to be a fictitious name of Author Manning, II. Dkt. 1-2. For purposes of the Motion to Proceed *In Forma Pauperis*, the Court treated Manning as a single plaintiff acting *pro se*. Dkt. 19 at 1 n.1.

1

    2. Clearly stating what original elements of his registered work(s) Defendant allegedly copied.

Dkt. 19 at 3. Rather than timely submitting the required information, Plaintiff filed a "Revised Claim," stating in part that: "Copyrights were not a[n] established office yet." Dkt. 20 at 1. Plaintiff also filed a document entitled "Plausible Reason," in which he appears to restate his claims that he owns rights in the iPod and iPhone, but provides no copyright registration information. Dkt. 22.

A district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because Plaintiff failed to abide by a Court Order and to prosecute his case, the Magistrate Judge recommends that this case be dismissed.

## II.  Motion to Appoint Counsel

Plaintiff also moves for the appointment of counsel. Dkt. 16. This Court may appoint counsel in *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(e)(1). Under Section 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Alfred v. City of Austin*, No. A-20-CV-1119-LY, 2020 WL 10230743, at *1 (W.D. Tex. Dec. 27, 2020) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). In evaluating whether the appointment of counsel is proper under Section 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Ulmer,* 691 F.2d at 213.

The Court recommends dismissal of Plaintiff's action for failure to prosecute. Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. 16) is **DISMISSED AS MOOT**.

### III.     Recommendation

The undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's case without prejudice pursuant to Rule 41(b).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 9, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE